ESTATE OF GEORGE H. DONOGHUE, SR., DECEASED, BY GEORGE H. DONOGHUE, JR., EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Donoghue v. Commissioner
Docket No. 6295-81.
United States Tax Court
T.C. Memo 1981-611; 1981 Tax Ct. Memo LEXIS 129; 42 T.C.M. (CCH) 1494; T.C.M. (RIA) 81611; October 20, 1981. Ronald Glasser, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code. [1] The Court agrees with and adopts his opinion which is set forth below. [2]
*130 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency of $ 39,890.78 in petitioner's Federal estate tax liability. The case is now before the Court on motions for summary judgment filed by both petitioner and respondent under Rule 121, Tax Court Rules of Practice and Procedure. The motions were called from the calendar for hearing at the session of the Court held in Washington, D.C., on August 12, 1981. Petitioner asks for summary judgment in its favor with respect to the following issues: 1. Whether $ 85,000, representing the amount determined by respondent to be the value of the pain and suffering aspect of petitioner's wrongful death action against Kelly Home Care, is properly includable in the gross estate. 2. Whether a gift of $ 3,000 to Joseph Mark Donoghue is properly includable in the gross estate. 3. Whether gifts of $ 3,000 each to George H. Donoghue, Jr., and Nora Donoghue are properly includable in the gross estate. 4. Whether the amount of $ 3,702.27, representing checks drawn on the checking account of the decedent by George H. Donoghue, Jr., is properly includable in the gross estate. 5. Whether *131 the deduction of $ 9,670.86 claimed by the estate for funeral and administrative expenses was proper. 6. Whether the deduction of $ 896.73 for medical expenses was proper. 7. Whether the deduction of $ 15,971.75 for hospital expenses was proper. Respondent has filed a cross-motion asking for partial summary judgment in his favor on issue number 7 above. Two or more of the foregoing issues are discussed together, below, when similar considerations apply. 1. Pain and Suffering Claim and
5. Funeral and Administrative Expenses. Respondent adjusted the gross estate by adding to it $ 85,000, the amount respondent determined to be the value of a claim for pain and suffering which was part of an action for wrongful death brought by petitioner against Kelly Home Care. The claim was subsequently settled for a lesser amount, and petitioner asks for summary judgment that the $ 85,000 value determined by respondent be excluded from the gross estate. Respondent also disallowed a deduction of $ 9,670.86 for funeral and administrative expenses claimed in petitioner's estate tax return, and petitioner now asks for summary judgment that hhe deduction be allowed. *132 Respondent stated for the record at the hearing that he concedes both of these issues. Accordingly, it is unnecessary to grant summary judgment on these issues, and petitioner's motion, insofar as it concerns them, will be denied. 2. Gift of $ 3,000 to Joseph Mark Donoghue, 3. Gifts of $ 3,000 each to George H. Donoghue, Jr., and Norma Donoghue, and
4. Checks of $ 3,702.27 Drawn on Decedent's Account. Decedent gave $ 3,000 to his grandson, Joseph Mark Donoghue (hereinafter referred to as Joseph) in early 1977. Later that year, George H. Donoghue, Jr. (hereinafter referred to as George, Jr.), decedent's son and Joseph's father, wrote a check on decedent's checking account to Pennsylvania State University in payment of Joseph's tuition. Respondent determined that the check to the university represented an additional gift made during 1977 by decedent to Joseph, raising the total of such gifts above $ 3,000. Decedent also gave $ 3,000 each to George, Jr. and Nora Donoghue (hereinafter referred to as Nora), George, Jr.'s wife, in early 1977. Throughout the year, George, Jr. wrote additional checks on decedent's account totaling $ 3,702.27. The checks were *133 drawn to cash or to the order of Nora. Respondent determined that these checks represented additional gifts to George, Jr. and Nora, which raised the total amount of gifts for the year to each of them over $ 3,000. Having determined that Joseph, George, Jr., and Nora had each received gifts totaling more than $ 3,000 from the decedent, respondent adjusted the gross estate pursuant to the provisions of section 2035 to include the value of all gifts to them during 1977. Petitioner contends that the check drawn on decedent's account to pay Joseph's tuition was not a gift to Joseph but rather a loan from decedent to George, Jr. Petitioner also contends that the checks totaling $ 3,702.27 drawn by George, Jr. and payable to Nora or to cash did not represent gifts to George, Jr. and Nora, but rather were used for expenditures made on behalf of the decedent. It is, therefore, petitioner's position that the only gifts made by decedent to Joseph, George, Jr., and Nora during 1977 were the original ones of $ 3,000 each, and that these gifts are properly excludable from the gross estate. Petitioner now asks for summary judgment that the gifts of $ 3,000 each to Joseph, George, Jr., *134 and Nora, and the $ 3,702.27 alleged to represent expenditures made on behalf of the decedent be excluded from the gross estate. The only items of evidence on the basis of which we might now attempt to determine the true nature of the payment to Pennsylvania State University and the additional withdrawals of $ 3,702.27 from decedent's checking account are the opposing contentions of the parties. Therefore, it cannot be said that no genuine issue remains as to any material fact. Consequently, petitioner's motion for summary judgment on these issues will be denied. 6. Medical Expense Deduction. Respondent disallowed certain medical expense deductions claimed in the estate tax return based on respondent's determination that the expenses were reimbursable by Medicare. Petitioner now contends that the expenses have not been reimbursed and that the deduction should be allowed. In his answer, respondent alleges that petitioner has not shown that the expenses are non-reimbursable, and we agree with this allegation. Since the still undecided question of the reimbursability of the expenses is a material fact, petitioner's motion for summary judgment will be denied with respect *135 to this issue. 7. Hospital Expense Deduction. In addition to the medical expenses discussed in item 6 above, decedent incurred hospital expenses in the amount of $ 15,971.75 which, following his death, were paid by Medicare. [3] The value of the hospital's claim for these expenses was deducted in petitioner's Federal estate tax return; the value of petitioner's claim for reimbursement from Medicare was, however, not included as an asset in the gross estate. Respondent disallowed the deduction. Petitioner now moves for summary judgment that the deduction be allowed, and respondent has filed a cross-motion asking that his denial of the deduction be upheld.
Petitioner bases his claim for the deduction on section 2053, which allows a deduction from the gross estate of such amounts: (3) for claims against the *136 estate * * * as are allowable by the laws of the jurisdiction, * * * under which the estate is being administered. It is petitioner's contention that decedent's hospital bills, even though reimbursed by Medicare, constituted a claim against the estate allowable under the laws of Pennsylvania, the jurisdiction under which the estate is being administered. Respondent argues that the reimbursement of the expenses by Medicare precludes the allowance of the expense as a deduction, regardless of its characterization under Pennsylvania law. We agree with respondent. Over 50 years ago, the rule was stated as follows: "The claims which Congress intended to be deducted were actual claims, not theoretical ones." Jacobs v. Commissioner, 34 F.2d 233 (8th Cir. 1929), cert. denied 280 U.S. 603 (1929). The Court of Appeals there made the following further comment: "It was in our opinion claims * * * actually paid or to be paid that Congress had in mind when it provided for the deduction from the gross estate of 'claims against he estate' * * *." Insofar as this issue is concerned, as in the Jacobs case, "the gross estate was not decreased one single cent. *137 " The hospital expenses, therefore, did not constitute a deductible claim against the estate under section 2053, and, accordingly, petitioner's motion for summary judgment on this issue will be denied, and respondent's cross-motion will be granted. In summation, petitioner's motion for partial summary judgment will be denied as to all issues, and respondent's motion for summary judgment with respect to issue number 7 will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Since this is a pre-trial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.
3. Although petitioner's brief speaks of the claim having been "reimbursed" by Medicare, the record does not definitely establish whether the estate first paid the bill and then was reimbursed by Medicare, or whether Medicare paid the bill directly. Whatever the exact order of events, however, we are satisfied that Medicare was the ultimate source of payment.↩